IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CHARMAINE CUSTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 22-1220-CFC |
| | ) | |
| ALISA GRAVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Charmaine Custis, Wilmington, Delaware, Pro se Plaintiff.

James Harry Stone Levine, Esquire, Troutman Pepper Hamilton Sanders, LLP, Wilmington, Delaware.   Counsel for Defendants.

**MEMORANDUM OPINION**

October 30, 2023
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

On September 19, 2022, Plaintiff Charmaine Custis filed this action against Defendants M&T Bank and various bank employees. (D.I. 2) Plaintiff appears *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 5) Before the Court is Defendants' motion to dismiss the Complaint. (D.I. 24)

I.     **BACKGROUND**

The Complaint is handwritten and somewhat illegible. Plaintiff's allegations therein are difficult to discern. She appears to allege that Defendants discriminated against her because she is not Caucasian and because she is disabled in some unspecified way. The alleged discriminatory acts appear to involve an account she opened with Defendants. In her Civil Cover sheet, she indicates that she is bringing an undefined civil rights action, and references that Truth in Lending Act. She may also be bringing claims under the Americans with Disabilities Act. For relief, she seeks damages.

Defendants filed their motion to dismiss on March 14, 2023. Defendants move to dismiss based on lack of personal jurisdiction, insufficient service of process, and failure to state a claim. On April 12, 2023, Plaintiff filed a motion to correct the case caption to add new defendants (D.I. 26), a motion for an emergency hearing (D.I. 27), a motion for an extension of time to file a response to the motion to dismiss (D.I. 28), a motion to retrieve proof of service (D.I. 29), a

notice of appeal challenging a previous order (D.I. 31), and objections in support of her notice of appeal (D.I. 30). Defendants construe the motion to correct the case caption as a motion to amend, and they oppose it as untimely and futile. (D.I. 35) Defendants did not oppose an extension for Plaintiff to file her response to the motion to dismiss. (D.I. 36) Plaintiff never filed a response. This Court lost jurisdiction pending Plaintiff's appeal, but regained jurisdiction on August 25, 2023, when her appeal was terminated for lack of appellate jurisdiction. (D.I. 36)

## II.  LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the

2

elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

The Court is unable to discern allegations that state a plausible claim in Plaintiff's somewhat illegible Complaint. Therefore, Plaintiff's motion to dismiss is granted on the grounds that Plaintiff failed to state a claim under Rule 12(b)(6).

Plaintiff's motion to correct the case caption will be denied as untimely and futile under Rule 15(a). Plaintiff's other pending motions will be denied as moot.

Plaintiff will be given one opportunity to file an amended complaint. She should write or type her factual allegations clearly and legibly, using extra pages if necessary.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendant's motion to dismiss and deny Plaintiff's pending motions.

The Court will issue an Order consistent with this Memorandum Opinion.